# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW DOWAUN, #R51695 | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19-cv-775-SMY |
| vs. | ) ) |
| WEXFORD HEALTH SOURCES, INC., JOHN BALDWIN, JACQOLINE LASHBROOK, SIDDIQUI, MOLDENHAUER, ZIMMER, ANGELA CRAIN, MEARS, FRANK LAWRENCE, ROB JEFFREYS, and GAIL WALLS, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Andrew Dowaun, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts deliberate indifference claims under the Eighth Amendment and a state law claim for intentional infliction of emotional distress. (Doc. 1). He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

1

dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: Menard is overcrowded and the number of doctors and nurses on hand is inadequate to provide proper medical care for the inmate population. (Doc. 1, p. 5). IDOC Director Baldwin, Dr. Siddiqui, (former) Menard Warden Lashbrook, and Wexford Health Sources, Inc. ("Wexford") have been made aware of this fact by countless lawsuits filed by inmates. (*Id.*). They have the ability to fix this issue but have ignored the situation, which has resulted in Plaintiff and other inmates suffering in pain without proper medical care. (*Id.*, pp. 5, 6). They were given a report from medical experts in a class action lawsuit that shows Wexford was deliberately understaffing its health care units to save money. (*Id.*, p. 6). This policy has delayed and denied inmates access to medical care. (*Id.*). They knew these issues existed and turned a blind eye to them. (*Id.*, pp. 6, 12, 15).

Plaintiff suffered from a broken left hand and nerve damage in his right hand and was treated by a nurse and nurse practitioner instead of a doctor. (*Id.*). The nurse and nurse practitioner lack the medical knowledge to treat these serious medical conditions. (*Id.*, p. 7). Because of deliberate understaffing by Defendants, nurses are given responsibilities that exceed their medical expertise. (*Id.*). Because of inadequate medical staffing, Plaintiff was denied access to medical care and suffered in pain from an untreated broken hand. (*Id.*). Defendants' intentional acts and omissions caused extreme conditions that they knew would cause Plaintiff to suffer emotional distress and pain. (*Id.*, pp. 7, 8).

Wexford has a policy to deny inmates any pain medication other than ibuprofen, Mobic, naproxen, and other over the counter medications even when those medications are ineffective at pain management. (*Id.*). Wexford initiated this policy to save money. (*Id.*, p. 10). Baldwin and

Lashbrook have ignored Wexford's actions. (*Id.*). Wexford has trained its medical staff to enforce this policy and they do so even though they know it results in inmates suffering excruciating pain. (*Id.*, pp. 9-10). On several occasions, Plaintiff made NP Zimmer, NP Moldenhauer, and Dr. Siddiqui aware that he was in constant pain from injuries to his left and right hands and that the pain medication he was given was not alleviating the pain. (*Id.*, p. 9). Additionally, he advised them the pain medication was causing constipation. (*Id.*). Defendants refused to discontinue the medication or prescribe him a stronger pain medication. (*Id.*). They have ignored his complaints of pain and know he is suffering unnecessarily. (*Id.*, p. 10).

Plaintiff has requested proper medical care for his right-hand nerve pain but has only been seen by NP Zimmer, NP Moldenhauer, and Dr. Siddiqui who lack the medical expertise to determine whether he is experiencing nerve damage or nerve pain. (*Id.*, pp. 10, 11). Plaintiff needs to be sent to a specialist for examination and diagnostic testing. (*Id.*, p. 11). Defendants' refusal to address this issue is pursuant to a policy to save money by denying access to medical care. (*Id.*). Plaintiff's right-hand nerve damage and pain was not adequately assessed or treated by Nurse Mears, NP Zimmer, Crain, Dr. Siddiqui, or NP Moldenhauer because they lacked the medical expertise to do so. (*Id.*, pp. 13, 14). In response to a grievance he filed, NP Zimmer, Dr. Siddiqui, and Crane acknowledged that Plaintiff has nerve damage and that they have done nothing about it. (*Id.*, pp. 11, 12).

Plaintiff injured his left hand on August 10 or 11, 2018. (*Id.*, pp. 12, 16). He notified a gallery officer, showed the officer his swollen hand, and requested a nurse and/or crisis team. (*Id.*, pp. 12, 16). He also wrote sick call requests and placed them in the sick call box. (*Id.*). He was not seen by medical staff until August 15, 2018 at which time he had an appointment for his right-hand nerve damage and pain. (*Id.*, pp. 12, 13). He explained to NP Zimmer that his left hand was

swollen and possibly broken. (*Id.*, p. 13). She ordered an x-ray, which was done on August 17, 2018. (*Id.*, p. 17). Plaintiff saw NP Moldenhauer on August 30, 2018 to discuss the results of the x-ray which showed that his hand was broken. (*Id.*). The delay was caused by the policies of Wexford, which are enforced by Dr. Siddiqui, Crain, NP Zimmer, NP Moldenhauer, Nurse Mears, Healthcare Unit Administrator Walls, and Ritz. These individuals are aware of delays in medical care provided to Plaintiff and other inmates which results in unnecessary pain and suffering. (*Id.*, p. 18). Defendants were made aware of these delays in medical care by a class action lawsuit and from countless inmate grievances written about this problem. (*Id.*). Defendants have done nothing to stop the delays. (*Id.*, pp. 18, 19).

On August 20, 2018, NP Moldenhauer told Plaintiff that his finger was broken and needed to be splinted. (*Id.*, p. 19). However, NP Moldenhauer refused to splint Plaintiff's finger because it was not approved by security. (*Id.*, p. 20). NP Moldenhauer allowed non-medical staff to overrule a medical decision and denied Plaintiff necessary medical care. (*Id.*). Medical Director Dr. Siddiqui and Health Care Unit Administrator Walls have a policy that allows non-medical staff to overrule medical decisions. (*Id.*, pp. 20, 21). Plaintiff was not seen again until September 13, 2018 when his hand was placed in a cast. (*Id.*, p. 21). The delay of over a month from the time of injury until medical treatment was provided caused Plaintiff unnecessary pain and suffering. (*Id.*).

Baldwin and Lashbrook created policies that interfere with inmates receiving proper medical care. They have created policies that determine what medical personnel can prescribe and/or what treatment can be provided. (*Id.*, p. 22). As a result of these policies, Plaintiff's finger could not be splinted, and he was forced to suffer pain. (*Id.*). Baldwin and Lashbrook know that these policies deliberately denied Plaintiff and other inmates access to adequate medical care for serious medical needs and caused unnecessary pain. (*Id.*).

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

> **Count 1:** Eighth Amendment deliberate indifference to serious medical needs claim arising from the denial of adequate medical treatment due to understaffing of medical providers by Wexford, Baldwin, Lashbrook, and Siddiqui.
>
> **Count 2:** Eighth Amendment deliberate indifference to serious medical needs claim against Wexford, Zimmer, Moldenhauer, Siddiqui, Mears, and Crain for denying Plaintiff adequate medical care for his right-hand nerve damage and pain.
>
> **Count 3:** Eighth Amendment deliberate indifference to serious medical needs claim against Wexford, Zimmer, Moldenhauer, Siddiqui, Mears, Crain, and Walls for delaying and/or denying Plaintiff medical care for his left-hand injury.
>
> **Count 4:** Eighth Amendment deliberate indifference to serious medical needs claim against Baldwin and Lashbrook arising from the denial of adequate medical treatment because of the Menard/IDOC policy that allows nonmedical staff to interfere with medical decisions.
>
> **Count 5:** Intentional infliction of emotional distress claim arising from the denial of adequate medical treatment due to understaffing of medical providers by Wexford, Baldwin, Lashbrook, and Siddiqui.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]**

## Discussion

The Eighth Amendment claims asserted in Counts 1, 2, 3, and 4 survive screening against

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

the defendants who are named above in connection with each claim. The state law claim for intentional infliction of emotional distress in Count 5 will also proceed against the defendants named in connection with that claim.

Plaintiff names IDOC Director Jeffreys and Acting Menard Warden Lawrence as Defendants but they are not referenced in the statement of claims. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against him. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff failed to allege specific acts of wrongdoing by these individuals, the personal involvement requirement necessary for Section 1983 liability is not met. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Additionally, IDOC Director Jeffreys and Warden Lawrence cannot be held liable based solely on their positions as administrators as the doctrine of *respondeat superior* does not apply to section 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). However, to the extent Plaintiff seeks injunctive relief, Warden Lawrence is a proper defendant in his official capacity. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper Defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). Accordingly, IDOC Director Jeffreys and Warden Lawrence, in his individual capacity, will be dismissed without prejudice.

Plaintiff also asserts claims against Defendants Baldwin, Lashbrook, Siddiqui, Moldenhauer, NP Zimmer, Crain, Nurse Mears, and Walls in their individual and official capacities. However, Plaintiff cannot proceed with claims for monetary damages against these Defendants in their official capacities. That is because when a plaintiff seeks monetary damages against a state official, he must bring the suit against the official only in his or her individual

capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against Defendants Baldwin, Lashbrook, Siddiqui, Moldenhauer, NP Zimmer, Crain, Nurse Mears, and Walls will be dismissed without prejudice.

Plaintiff makes allegations against Ritz, but he is not identified as a defendant in the case caption. The Court will not treat individuals not listed in the caption as defendants, and any intended claim against Ritz is dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## Motion to Appoint Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff provided a list of attorneys he has written in an attempt to retain counsel, but states he has not received any responses. The Court finds that, while responses to Plaintiff's requests are pending, the recruitment of counsel is premature. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). The Motion for Appointment of Counsel (Doc. 2) is, therefore,

denied without prejudice.

Plaintiff may renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should submit rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own.

**Disposition**

**IT IS HEREBY ORDERED** that Count 1 will proceed against Defendants Wexford, Baldwin, Lashbrook, and Siddiqui. Count 2 will proceed against Wexford, Zimmer, Moldenhauer, Siddiqui, Mears, and Crain. Count 3 will proceed against Wexford, Zimmer, Moldenhauer, Siddiqui, Mears, Crain, and Walls. Count 4 will proceed against Baldwin and Lashbrook. Count 5 will proceed against Wexford, Baldwin, Lashbrook, and Siddiqui.

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Jeffreys is dismissed without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** him as a party. Additionally, the individual capacity claim against Lawrence and the official capacity claims against Defendants Baldwin, Lashbrook, Siddiqui, Moldenhauer, Zimmer, Crain, Mears, and Walls are dismissed without prejudice. Lawrence, as the Warden of Menard Correctional Center, shall remain in the case in his official capacity as to any injunctive relief requested.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants Wexford, Baldwin, Lashbrook, Siddiqui, Zimmer, Moldenhauer, Mears, Crain, Walls, and Lawrence (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver

of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.