IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW DOWAUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-775-SMY-RJD |
| | ) |
| WEXFORD HEALTH SOURCES, INC. et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 62), recommending that the Court grant the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants John Baldwin, Frank Lawrence, Angela Crain, Jacqueline Lashbrook, Erin Mears-Attig, and Gail Walls ("IDOC Defendants") (Doc. 44) and the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Wexford Health Sources, Inc., Mohammed Siddiqui, M.D., NP Michael Moldenhauer, and NP Mary Jo Zimmer ("Wexford Defendants") (Doc. 47). Plaintiff Andrew Dowaun filed a timely objection (Doc. 67). For the following reasons, Judge Daly's Report is **ADOPTED**.

### Background

Dowaun filed the instant lawsuit pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Dowaun alleges that due to Menard's overcrowding, medical personnel are understaffed which leads to subpar medical treatment and that Defendants are aware of the

situation and fail to remedy the problem. Dowaun further alleges that he was denied access to medical care, pain medication, and suffered in pain from an untreated broken left hand. Following screening of the Complaint under 28 U.S.C. § 1915A, Dowaun was allowed to proceed on the following claims:

> Count 1:  Eighth Amendment deliberate indifference to serious medical needs claim arising from the denial of adequate medical treatment due to understaffing of medical providers by Wexford, Baldwin, Lashbrook, and Siddiqui.
>
> Count 2:  Eighth Amendment deliberate indifference to serious medical needs claim against Wexford, Zimmer, Moldenhauer, Siddiqui, Mears, and Crain for denying Plaintiff adequate medical care for his right-hand nerve damage and pain.
>
> Count 3:  Eighth Amendment deliberate indifference to serious medical needs claim against Wexford, Zimmer, Moldenhauer, Siddiqui, Mears, Crain, and Walls for delaying and/or denying Plaintiff medical care for his left-hand injury.
>
> Count 4:  Eighth Amendment deliberate indifference to serious medical needs claim against Baldwin and Lashbrook arising from the denial of adequate medical treatment because of the Menard/IDOC policy that allows nonmedical staff to interfere with medical decisions.
>
> Count 5:  Intentional infliction of emotional distress claim arising from the denial of adequate medical treatment due to understaffing of medical providers by Wexford, Baldwin, Lashbrook, and Siddiqui.

Dowaun submitted numerous grievances to prison authorities between August 2018 and January 2019: an August 17, 2018 grievance discussed being denied a medical appointment for his injured left hand; a September 3, 2018 grievance sought good medical treatment and stronger medication for his left hand; a September 3, 2018 grievance asserted that he was in constant pain and that he had not received a response for the four grievances he submitted between August 11, 2018 and August 14, 2018; a September 12, 2018 grievance requested monetary damages for the failure to send him to an outside specialist in a timely manner; a November 20, 2018 grievance discussed his pain medication and that he had not received therapy for his injury; and a January 9,

2019 grievance requested good medical treatment and pain medication for his left hand. He did not appeal any of the grievances to the ARB after receiving the grievance officer and CAO responses, nor did he submit the September 12, 2018 or January 19, 2019 grievances to the grievance officer after receiving counselor responses.

Defendants argue that Dowaun failed to exhaust administrative remedies prior to filing suit and move for summary judgment (Docs. 44 and 47). Dowaun responded to the motions (Doc. 52).

### Discussion

Judge Daly held an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) on June 24, 2021 and subsequently issued her Report setting forth the evidence presented by the parties, the applicable law, the requirements of the administrative process, and her conclusions. As to Dowaun's understaffing claims in Counts 1, 4, and 5, Judge Daly found that none of the submitted grievances addressed this issue. She further concluded that there were no grievances in the record that addressed his right-hand nerve pain claim in Count 2. As to Count 3, although Dowaun submitted numerous grievances regarding the delay and denial of medical treatment for his left hand, Judge Daly concluded that he failed to fully exhaust each grievance submitted between August 2018 and January 2019. As a result, Judge Daly recommends that Defendants' motions be granted and that Dowaun's claims be dismissed without prejudice for failure to exhaust administrative remedies.

Because Dowaun filed an objection, the undersigned will undertake a *de novo* review of the Report as to those defendants. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without

giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, exhaustion must occur before the lawsuit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Proper exhaustion requires that inmates file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

The Illinois Administrative Code (the "Code") governs the grievance and appeals process available to prisoners. A prisoner may file a grievance in the normal course which includes: (1) submitting a grievance to a grievance officer; (2) the grievance officer's findings and recommendations are reviewed by the CAO; (3) the CAO renders a decision; (4) the CAO's decision may then be appealed to the ARB. 20 ILCS §§ 504.830, 504.850(a).

Dowaun argues that the grievance process is confusing and that he was not required to proceed because his issues had been deemed resolved. The Court finds no error in her Judge Daly's analysis or finding that Dowaun did not exhaust his administrative remedies as it pertains to the relevant grievances. Dowaun's assertion that he was not required to appeal to the ARB is not supported by controlling authority. Because he did not receive the relief he requested from the counselors or warden, he was required to appeal the decisions to the ARB prior to filing suit. *See Ford,* 362 F.3d at 398–400 (noting that administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with administrative appeals).

**Conclusion**

The Court finds no clear error in Judge Daly's findings, analysis, and conclusions, and therefore, **ADOPTS** her Report and Recommendation in its entirety. Accordingly, the IDOC Defendants' Motion for Summary Judgment (Doc. 44) and Wexford Defendants Motion for Summary Judgment (Doc. 47) are **GRANTED**. This case is **DISMISSED without prejudice**; the Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

DATED:  September 23, 2021

**STACI M. YANDLE**<br>
United States District Judge