IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW DOWAUN, #R51695, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-775-SMY |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DR. MOHAMMED SIDDIQUI, | ) |
| NP MICHAEL MOLDENHAUER, | ) |
| NP MARY JO ZIMMER, | ) |
| ANGELA CRAIN, ERIN MEARS-ATTIG, | ) |
| and GAIL WALLS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Andrew Dowaun, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983. He alleges that Defendants Dr. Mohammad Siddiqui, NP Michael Moldenhauer, NP Mary Jo Zimmer, Wexford Health Sources, Inc., Erin Mears-Attig, Angela Crain, and Gail Walls were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Now pending before the Court are Defendants' motions for summary judgment (Docs. 104 and 106), to which Dowaun has not responded. For the following reasons, the motions are **GRANTED**.

### Factual Background

Construed in the light most favorable to Dowaun, the evidence and reasonable inferences establish the following facts relevant to the pending motion: Dowaun has a medical history of a gunshot wound to his right hand. An x-ray taken on November 30, 2017 showed metal fragments and a healed fracture from the prior injury (Doc. 107-1, pp. 172, 313; Doc. 107-4, p. 14). On

August 10, 2018, Dowaun saw Defendant Mears-Attig in nurse sick call for complaints of pain to his right hand (Doc. 107-1, p. 358). He reported that he had experienced the pain previously three years ago and rated his current pain at "7 out of 10." *Id.* Mears-Attig examined Dowaun and found that he was slow to squeeze his hand to make a fist and observed evidence of a previous gunshot wound to the right hand. *Id.*

Duwaun was seen in the healthcare unit for a follow-up on his nerve pain on August 15, 2018 (Doc. 107-1, p. 359). Defendant Zimmer found good grips in Dowaun's right hand, but observed the 5th metatarsal finger on his left hand was swollen and caused pain on palpation. *Id*. Zimmer assessed Dowaun as having nerve pain in the right hand and an injury to the left hand. *Id.* She ordered Nortriptyline, Ibuprofen, and an x-ray of the left hand. *Id.*

Dowaun underwent an x-ray of the left hand on August 17, 2018 (Doc. 107-1, pp. 360, 500). The results showed a comminuted mildly angulated distal 5th metacarpal fracture (a fracture of the left pinky finger). *Id*., p. 500.

Defendant Moldenhauer saw Dowaun for his left-hand injury and to discuss his recent x-ray on August 30, 2018 (Doc. 107-2 at ¶ 14; Doc. 107-3, pp. 646, 663). He ordered Naproxen to treat pain in the left hand and re-ordered an x-ray due to moderate edema present on the August 17, 2018 x-ray (Doc. 107-2 at ¶ 14; Doc. 107-3, pp. 658, 663). Moldenhauer was unable to splint the finger due to prison security, so he instructed Dowaun to minimize use of the left hand. *Id.* IDOC prohibited use of a splint on Dowaun's finger because the metal or other hard materials used in a splint may readily be converted into a weapon or other contraband in the high-security prison environment at Menard (Doc. 107-2 at ¶ 15; Doc. 107-4, p. 35).

The August 30, 2018 x-ray showed a comminuted and angulated fracture of the distal shaft of the 5th metacarpal again, with evidence of callus formation suggestive of internal partial healing

since the prior examination (Doc. 107-1, p. 501). Moldenhauer and Dr. Siddiqui requested a referral for an orthopedic evaluation (Doc. 107-1, p. 427. Wexford approved the referral on September 7, 2018 (Doc. 107-1, p. 428).

Dowaun was seen by Darrel Cutler, PA-C at the Orthopedic Institute of Southern Illinois on September 13, 2018 and was placed in a short arm cast for his left hand, with follow-up recommended in three weeks (Doc. 107-1, p. 429). It was noted that Dowaun's fracture would likely take three to four weeks to heal. *Id*.

Dowaun was housed in the infirmary at Menard from September 13, 2018, to October 15, 2018, where he was seen daily by medical staff (Doc. 104-1, p. 45; Doc. 104-2, pp. 151-172). He testified that he experienced mild pain while his finger was healing in the infirmary that was relieved by ibuprofen (Doc. 104-4, pp. 23-24).

Dowaun had a follow-up visit with PA Cutler on October 11, 2018 (Doc. 107-1, p. 431). Upon examination, Cutler noted a small palpable deformity in the mid-5th metacarpal shaft region of the left hand, but observed slight loss of flexion at the DIP and PIP joints (Doc. 107-1, p. 431). Cutler reviewed Dowaun's recent x-rays of the left hand and noted the diagnostic interpretation was a healed fracture with acceptable alignment. *Id.* at p. 432. Cutler charted that Dowaun could have ibuprofen 800 mg until his pain resolved. *Id.* He instructed Dowaun to start using a tube sock or racquetball to squeeze multiple times throughout the day to develop range of motion return to the left hand. He planned to see him back on an as-needed basis because the fracture had healed uneventfully at that point in time. *Id*. at pp. 432-33.

On October 22, 2018, Dowaun had a follow-up visit in the healthcare unit regarding his left hand (Doc. 104-2, p. 172). It was noted that he had a good range of motion and occasional pain in movement. *Id.* Dowaun was instructed to follow-up as needed. *Id.*

On December 1, 2018, Dowaun reported to the healthcare unit with complaints of pain and discomfort on the left side of his left hand (Doc. 104-2, p. 181). He was provided acetaminophen. *Id.* Dowaun reported to the healthcare unit again on December 11, 2018 and was provided pain medication. *Id.* at p. 183. Another x-ray was ordered for his left hand. *Id.* Dowaun underwent an x-ray of the left hand on December 19, 2018, that showed a deformity of the 5th metacarpal with interval radiographic healing of the 5th metacarpal fracture site (Doc. 107-1, p. 502).

Between January and March 2019, Dowaun presented to the healthcare unit with complaints of left-hand pain (Doc. 104-2, pp. 190-201). He was provided acetaminophen, ibuprofen and naproxen from pain. Id. He underwent an x-ray of the right hand on March 26, 2019 that showed a stable healed deformity of the 5th metacarpal head with adjacent metallic foreign bodies, but no acute fractures, dislocation, or significant interval change (Doc. 107-1, p. 503). The radiologist's impression was no acute findings, but chronic healed fracture deformity of the 5th metacarpal. *Id.*

On April 18, 2019, during a physical therapy evaluation, Dowaun indicated that his left hand no longer hurt (Doc. 104-2, p. 213). Dowaun's physical therapy for his left hand was discontinued on June 26, 2019, after evaluation found full strength and range of motion of the hand with an assessment of no functional deficits or physical therapy goals (Doc. 107-1, p. 379; Doc. 107-4, pp. 22-23).

Dowaun filed four grievances related to his left-hand injury: on August 17, 2018, September 3, 2018, September 12, 2018, and November 20, 2018 (Doc. 104-3, pp. 48-50, 66, 71). Defendant Crain, the RN Director of Nurses at Menard, reviewed and responded to his grievances on December 1, 2018 (Doc. 104-1, pp. 57-64). Crain noted in each grievance that Dowaun was receiving medical care from the healthcare unit. *Id.*

## Discussion

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue as to any material fact – that is where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). If the evidence is merely colorable or is not sufficiently probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

## Eighth Amendment Claim

Dowaun alleges Defendants were deliberately indifferent to his medical needs by (1) providing inadequate medical treatment for his nerve pain in his right hand in August and September 2018; and (2) delaying treatment of his left pinky fracture. The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners. *Machicote v. Roethlisberger*, 969 F.3d 822, 827 (7th Cir. 2020) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). An inmate alleging deliberate indifference must show that he faced a "substantial risk of serious harm," and that prison officials knew about that risk and disregarded it by "failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A plaintiff bringing a claim of deliberate indifference to medical needs must offer evidence that he suffered from an objectively serious medical condition, and that the defendant knew of and disregarded a substantial risk of harm. *Murphy v. Wexford Health Sources Inc.*, 962 F.3d 911, 915 (7th Cir. 2020).

A medical condition is objectively serious if it "has been diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would perceive the need for a doctor's attention." *Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Though this typically refers to an "acute" problem (e.g. a fracture or a wound), chronic or degenerative conditions that may escalate if not treated properly can also be objectively serious. *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016).

A reasonable jury could find that Dowaun's nerve pain and left-hand fracture were objectively serious medical conditions. However, Dowaun has presented no evidence from which a jury could reasonably find that Defendants were deliberately indifferent to his objectively serious medical needs. A medical professional displays deliberate indifference only if her decisions/actions represent a substantial departure from accepted professional judgment, practice, or standards. *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020). Courts look to the "totality of an inmate's medical care" to determine "whether that care evidences deliberate indifference to serious medical needs." *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019).

In this case, no reasonable jury could find that Defendants were deliberately indifferent to the nerve pain in Dowaun's right hand. Dowaun's nerve pain was addressed at sick calls in August and September 2018. He showed good functionality of the right hand and received treatment including Nortriptyline, a medication commonly used to treat nerve pain. Dowaun did not manifest signs of uncontrolled pain or persistent loss of range of motion in the right hand during the time of the alleged events, nor did he complain of continued right-hand pain. An x-ray of his right hand taken in March 2019 showed no acute findings or interval changes since his x-ray in 2017.

Similarly, no reasonable jury could find that Defendants were deliberately indifferent to Dowaun's left pinky fracture. Dowaun injured his left hand on August 10, 2018, and was seen by NP Zimmer on August 15, 2018. She examined his injured finger, prescribed pain medications, and ordered an x-ray to assess the injury. An x-ray two days later revealed a fracture of the left pinky finger. Dowaun received pain medication and a second x-ray was ordered due to moderate edema present on the August 17 x-ray. Due to security concerns, NP Moldenhauer was unable to splint the finger, but instructed Dowaun to minimize use of the left hand. NP Moldenhauer and Dr. Siddiqui requested a referral for an orthopedic evaluation, which was approved by Wexford on September 7, 2018. The orthopedist placed Dowaun in an arm cast on September 13, 2018. He was monitored in the infirmary until he returned to the orthopedist on October 11, 2018. At that office visit, the orthopedist determined that the fracture had healed uneventfully and provided physical therapy exercises.

Where, as here, a plaintiff alleges a delay in providing medical care, the plaintiff must also produce "verifying medical evidence" that the delay had a detrimental effect. *Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996). There is no evidence that the delay between Dowaun's injury and his appointment with the orthopedist worsened his injury, and the record does not support a finding that the defendants' treatment decisions were a significant departure from accepted professional standards. Because the Wexford Defendants were not deliberately indifferent to Dowaun's medical needs, Wexford cannot be liable. *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014) (holding that the defendant physician was not deliberately indifferent and that Wexford cannot be held liable for damages because there is no underlying constitutional violation) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

Defendant Crain was only made aware of Dowaun's left-hand injury through his grievances. Crain reviewed Dowuan's medical records and noted the comprehensive treatment he received from medical providers. If a prisoner is under the care of medical experts, a grievance officer is not required to do more than review the grievance, review the medical records, and discuss the grievance with medical staff. *See Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005) (collecting cases). Crain was entitled to rely of the expertise of Dowaun's medical providers and is therefore entitled to judgment as a matter of law.

### Intentional Infliction of Emotional Distress Claim

Defendants also move for summary judgment on Dowaun's claim of intentional infliction of emotional distress (IIED). To prevail on this claim, there must be evidence from which a jury could conclude that (1) Defendants' conduct was extreme and outrageous, (2) they intended or knew that the conduct would inflict severe emotional distress, or (3) their conduct caused such distress. *See Smith v. Dovenmuehle Mortg., Inc.*, 859 F. Supp. 1138, 1143 (N.D. Ill. 1994). "To meet the 'extreme and outrageous' standard, the defendants' conduct must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010).

The evidence on the record establishes that Defendants treated Dowaun's injuries, provided pain medications, and referred him to the appropriate specialist. No reasonable jury could determine that Defendants' course of conduct went "beyond all possible bounds of decency". Accordingly, Defendants are entitled to judgment as a matter of law on Dowaun's IIED claim.

### Conclusion

For the foregoing reasons, Defendants' motions for summary judgment (Docs. 104, 106) are **GRANTED**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:  February 20, 2025**

**STACI M. YANDLE**
**United States District Judge**